138

No. 17,283.

OLIVER *v.* HARPER, ET AL.
(267 P. [2d] 1114)

Decided March 8, 1954.

Mr. GEORGE G. ROSS, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the· opinion of the court.

WE will herein refer to the parties by name.

Oliver brought an action in the justice court against his tenant Harper for possession of real estate and damages for the unlawful detention thereof. The judgment there entered was in favor of the landlord for possession of said real estate. No damages were awarded.

Harper took an appeal to the county court and in connection therewith Perkins and Wheat signed the "use and occupation" bond required by section 23, chapter 70, '35 C.S.A. The limit of liability assumed by the sureties

was fixed at $50.00 by the terms and conditions of the bond, and no objection was made in the county court that said bond was insufficient to protect Oliver for the use and occupation of the premises by Harper during the pendency of the appeal. Upon trial in the county court, Oliver again obtained judgment for possession of the premises, but no money judgment was entered.

Following disposition of said cause in forcible entry and detainer, Oliver instituted this action in the county court upon the bond in which Perkins and Wheat were sureties. He sought to recover treble damages against the tenant Harper and the two sureties for the detention of the property by Harper for five months consumed in disposing of the appeal from the justice court. Wheat and Perkins defended and contended that the limit of their liability was $50.00. The trial court entered judgment in favor of plaintiff against the sureties, Perkins and Wheat, for the sum of $50.00.

It appears that the sureties paid $69.00 into the registry of the court under the impression that $19.00 in court costs should be paid by them in addition to the $50.00 judgment. After this payment was made, counsel for the sureties filed a motion to require entry of satisfaction of this judgment against them, and "that plaintiff be directed to pay to the registry of the Court within ten (10) days that excess over the Fifty ($50.00) dollars that they have already paid into said registry." In ruling upon this motion the court said: "And thereupon it is ordered by the Court that judgment against sureties is satisfied and that plaintiff holds $19.00 in trust for the sureties which should be returned to them as over payment on the judgment." Counsel for Oliver, seeking "review of the whole case," brings the cause here by writ of error.

It is contended by counsel for Oliver that Wheat and Perkins are liable for three times the amount of actual damages sustained by Oliver over the period of five months, notwithstanding the fact that the limit of

liability as fixed by the terms of the bond which they signed was $50.00. No authority supporting such a proposition is cited and it is obvious that none exists.

Complaint is made that the court erred in asserting, after the entry of the final judgment in the case, "that plaintiff holds $19.00 in trust for the sureties which should be returned to them as over payment on the judgment." This statement of the trial court is no part of any valid judgment entered in the cause. Whether the judgment was overpaid is not one of the issues in the instant case, and any statement of the trial court with regard thereto cannot be given the effect of a judgment. The matter of the asserted over payment may be the subject matter of further litigation, but the court could not, and did not, by the above quoted statement, enter a valid judgment upon that question.

The judgment is affirmed.